**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **DANIEL SCOTT CONE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FLYNN RESTAURANT GROUP**<br>*d/b/a HUT AMERICA,*<br><br>**Defendant.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **CASE NO:**<br>**7:26-cv-288–WLS** |

## ORDER

On September 25, 2026, *pro se* Daniel Scott Cone filed the above-styled action against Flynn Restaurant Group, d/b/a Hut America. Presently before the Court are Plaintiff's Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form AO 239) (Doc. 2) ("IFP Application") and a Motion for Appointment of Counsel (Doc. 3). For the following reasons, Plaintiff's IFP Application (Doc. 2) is **DENIED**, and the Motion for Appointment of Counsel (Doc. 3) is **DENIED WITHOUT PREJUDICE**.

### I. IFP APPLICATION

Under 28 U.S.C. § 1915(a)(1), the Court "may authorize . . . any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."[1] *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (explaining that § 1915 is designed to provide indigent litigants with meaningful access to courts). In determining whether a litigant may proceed without prepayment of the filing fee, the Court must follow a two-step process. *Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985). First, the Court assesses Plaintiff's ability to prepay the cost and fees associated with

[1] Although Congress used the word "prisoner" here, 28 U.S.C. § 1915 applies to non-prisoner indigent litigants as well as prisoners. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

filing a civil case in district court. *Id.* Second, "[o]nly after making a finding of poverty," the Court reviews the sufficiency of the complaint, as required by 28 U.S.C. § 1915(e). *Id.*

A litigant need not be "absolutely destitute" to qualify for indigent status under § 1915. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40 (1948)). An affidavit addressing the statutory language of § 1915 "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (citing *Adkins*, 335 U.S. at 339).

The Court first compares Plaintiff's monthly income and expenses. *See Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam). According to Plaintiff's affidavit, he and his spouse have $2,219.27 plus tips his wife earns, but which are not disclosed. (Doc. 2 at 1–2). Plaintiff hours were recently increased, and he anticipates obtaining a second job. Therefore, it appears Plaintiff expects his income to increase. (Doc. 2-1 at 2). Plaintiff lists his monthly expenses as $878.00. It is unclear whether this total includes his spouse's expenses as he lists "N/A" for each expense in his spouse's column. (Doc. 2 at 4–6). Based on his figures, Plaintiff has a surplus of $1,341.27 per month, plus whatever tips his spouse receives. Thus, even if his spouse's expenses are not included and his expenses are doubled to $1,756, Plaintiff still has excess income of $463.27, plus his spouse's tips.

In addition, Plaintiff reports cash and bank account funds on hand totaling $1,402.18. (*Id.* at 2). Plaintiff owns a 2008 Hyundai Sonata that is apparently debt free as he lists no car payment but notes he has had repair expenses over the past four years. (*Id.* at 3, Doc. 2-1 at 2). Plaintiff has no housing expense because he lives in his late mother's house. The house is debt free and is still in his mother's name because he and his sister "have not yet transferred the title." (Doc. 2-1 at 2). Plaintiff has not provided a value for the home.[2]

Here, Plaintiff's income, expenses, and assets considered together, do not demonstrate that paying the $405 filing fee would deprive Plaintiff of the ability to provide for himself and his spouse. Plaintiff receives $2,219.27, plus tips per month in income, has no housing expense other than maintenance, and has $1,402.18 in bank account balances.

[2] Plaintiff states the land on which the home is situated belongs to his uncle. As Plaintiff refers to the transfer of title with respect to the home, the Court assumes that the home may be a mobile home.

Plaintiff has excess monthly income of at least $463.27 and as much as $1,341.27, plus his spouse's undisclosed tips. The Record, therefore, does not establish that Plaintiff is unable to pay the filing fee without undue hardship or deprivation of life's necessities. The Court thus finds that Plaintiff does not meet the poverty requirements of 28 U.S.C. § 1915(a)(1).

Accordingly, Plaintiff's IFP Application (Doc. 2), is **DENIED**. To proceed with his case, Plaintiff must pay the full statutory filing fee within **twenty-one days** of the entry of this Order or by **Tuesday, October 20, 2026**. Plaintiff is noticed that, upon failure to timely comply with this Order, his action may be dismissed without further notice or proceedings.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is seeking counsel to represent him in this action alleging employment discrimination and possible retaliation claims against Defendant. Plaintiff states he is financially unable to retain private counsel, and he has been unable to obtain counsel through legal aid organizations. Plaintiff further states he is unfamiliar with formal legal proceedings and believes the appointment of counsel is necessary to ensure justice is served.

The decision to appoint counsel is within the discretion of the courts, and courts should appoint counsel only when the interests of justice or due process so require. *See United States v. Cain*, 827 F. App'x 915, 921 (11th Cir. 2020) (per curiam). Upon review of the Motion for Appointment of Counsel the Court finds that Plaintiff has failed to demonstrate that the interests of justice require the appointment of counsel. Plaintiff states he is unfamiliar with formal legal proceedings. (Doc. 3 at 2). The Court finds that the lack of legal training does not warrant appointment of counsel. *See also Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (stating that there is no constitutional right to the appointment of counsel). The Court finds that the issues are not so complex that Plaintiff is demonstrably incapable of pursuing relief without the assistance of counsel.

Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. 3) is **DENIED, WITHOUT PREJUDICE**.

**SO ORDERED**, this 29th day of September 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**