**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **DANIEL SCOTT CONE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CASE NO:** |
| **v.** | : | **7:26-cv-288–WLS** |
| | : | |
| **FLYNN RESTAURANT GROUP** *d/b/a HUT AMERICA*, | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

# ORDER

Before the Court is Plaintiff's Motion for Reconsideration of Fee Waiver (Form AO 239) or, in the Alternative, Notice of Voluntary Dismissal (Doc. 5) ("Motion"). Therein Plaintiff seek reconsideration of the Court's September 9, 2026 Order (Doc. 4) denying Plaintiff's application to proceed *in forma pauperis* (Doc. 2) ("IFP Application"). Alternatively, Plaintiff requests his case be voluntarily dismissed.

## I. Motion for Reconsideration

### A. Standard of Review

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Georgia Farms Servs., LLC*, 977 F. Supp. 2d 1336, 1337–38 (M.D. Ga. 2013); *see McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997) (same). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of

law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (modified). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

**B. Analysis**

In its September 9, 2026 Order, the Court found that Plaintiff had excess income sufficient to pay the filing fee without causing Plaintiff undue hardship and thus, denied Plaintiff's IFP Application. The Court also noted that Plaintiff has no housing expense because he lives in his late mother's house. The house is debt free and is still in his mother's name only because Plaintiff and his sister have not transferred title to the house. Plaintiff did not provide a value for the house.

In his Motion, Plaintiff indicates the Court misinterpreted the financial information in his IFP Application. The Plaintiff is correct in that the Court credited the income of $475, plus tips, in paragraph 1 to a spouse, rather than the ongoing income Plaintiff expects to receive "next month" instead of the $1,744.27 received in the previous twelve months. (Doc. 2 at 1). This is obviously a significant change. However, Plaintiff also advised the Court that the $475, plus tips, is bi-weekly income rather than monthly income. Further, that income appears to be based on ten hours of work rather than the increase to eighteen hours which Plaintiff references in his IFP Application. (*See* Doc. 2-1 at 3). Further, Plaintiff still has not provided a value for his interest in his late mother's house. Thus, the Court finds that Plaintiff shall be given an opportunity to provide an amended IFP Application.

Accordingly, Plaintiff's Motion for Reconsideration of Fee Waiver (Form AO 239) or, in the Alternative, Notice of Voluntary Dismissal (Doc. 5) is **GRANTED** to the extent it requests the Court reconsider its September 9, 2026 Order (Doc. 4). To proceed with this case, on or before **Friday, October 23, 2026**, Plaintiff must either pay the full amount of the filing fee or file a properly completed Application to Proceed without Prepaying Fees (IFP) Non-Prisoner Long Form (AO239) by that date. The AO239 Application must be fully completed with accurate and detailed information required by the form, including all current sources of

Plaintiff's income, including the amount of tips he receives, income from a second job if obtained, and any other assistance received. Failure to pay the filing fee or to file the completed AO239 Application by the deadline may result in dismissal, without prejudice, of the Complaint without further notice.

**SO ORDERED**, this 9th day of October 2026.

**/s/W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**